BLAKELY LAW GROUP
Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Tara A. Currie (SBN 323984)
tcurrie@blakelylawgroup.com
Victoria E. Mulvey (SBN 343220)
vmulvey@blakelylawgroup.com
1108 Manhattan Avenue, Unit B
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

HARDER STONEROCK LLP
Charles J. Harder (SBN 184593)
charder@harderstonerock.com
Ryan J. Stonerock (SBN 247132)
rstonerock@harderstonerock.com
6300 Wilshire Boulevard
Suite 640
Los Angeles, CA 90048

*Attorneys for Plaintiff*
*Rufus Labs, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFUS LABS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON TECHNOLOGIES, INC., a Nevada Corporation; AMAZON.COM, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>**1. TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT 15 U.S.C. §1125**<br><br>**2. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200** *et seq.*<br><br>**3. TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>**4. TRADEMARK CANCELLATION 15 U.S.C. § 1119 (Claims 4 & 5)**<br><br>**JURY TRIAL DEMANDED** |

**Plaintiff Rufus Labs, Inc.** ("Rufus Labs" or "Plaintiff") for its Complaint against **Defendant Amazon Technologies, Inc. ("Amazon Tech"), Amazon.com, Inc. ("Amazon.com")**, and DOES 1-10 (collectively "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark infringement and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and related claims of trademark infringement and unfair competition under the statutory and common law of the State of California.

2. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. § 1367(a) because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendants because Defendants conducts continuous and systematic business in the State of California, placed infringing products and services in the stream of commerce directed to residents of this State, derived commercial benefits from the advertisement, promotion, and use of infringing products and services, and caused injuries to Plaintiff within the State of California.

4. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district and Plaintiff is located and has been injured in this judicial district, and 28 U.S.C. § 1400(b) because Defendants committed acts of infringement in this judicial district.

## THE PARTIES

5. Plaintiff Rufus Labs, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 925 N La Brea Ave, 4th Floor, Los Angeles, California 90038.

6. Upon information and belief, Defendant Amazon Technologies, Inc. is a corporation organized and existing under the laws of the state of Nevada, is registered to do business within the State of California, and has offices and conducts business across the United States, including within this judicial district, with its principal place of business at 410 Terry Ave N, Seattle, Washington 98109.

7. Upon information and belief, Defendant Amazon.com, Inc. is a corporation organized and existing under the laws of the state of Delaware, has offices and conducts business across the United States, including within this judicial district, with its principal place of business at 410 Terry Ave N, Seattle, Washington 98109.

8. Defendants Amazon Tech and Amazon.com shall collectively be referred to as "Amazon".

9. Plaintiff is informed and believes that, together with Amazon, other individuals and entities currently named as DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including Amazon) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names DOES 1-10 because their true names and capacities are currently unknown to Plaintiff. Plaintiff will seek leave to amend this Complaint when the true names and capacities of DOES 1-10 are ascertained.

10. Upon information and belief, at all relevant times herein, each one of Defendants knew or reasonably should have known of the wrongful acts and behavior alleged herein and the damages caused thereby, ratified, and encouraged such acts and behavior, and/or had a non-delegable duty to prevent such acts and behavior but failed or refused to do so.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

A. **The Rufus Labs Products and Rufus Marks**

11. Rufus Labs offers products and services in the logistics sector, specializing in wearable and handheld scanning technology. Its flagship platform, "WorkHero", is

a "Productivity as a Service" solution that integrates with warehouse-management systems to enhance efficiency and visibility for Fortune 500 companies. WorkHero is an advanced operator & human automation platform in the supply chain industry, which is comprised of workforce analytics software, labor management, and rugged wearable technology.

12. Since March 2014, Rufus Labs has been using the wordmark RUFUS ("Rufus Mark") in connection with WorkHero, its wearable handheld scanners, and its services, including computer software and more recently, artificial intelligence which is integrated into the WorkHero platform. Rufus Labs provides its services and products to businesses working in the logistics, warehousing, and industrial sectors.

13. Rufus Labs has acquired common law rights in the Rufus Mark through its significant use in the United States of the marks in connection with software, barcode scanning technology, AI solutions for retail, logistics, manufacturing, warehousing, and industrial purposes.

14. Rufus Labs is the owner of the Rufus Mark by virtue of Plaintiff's prior and continuous use of the mark in interstate commerce. The Rufus Mark is inherently distinctive as applied to Plaintiff's goods and/or services as described herein as the mark is arbitrary and/or fanciful in relation to those goods and/or services.

15. Rufus Labs has made a substantial investment in advertising and promoting its Rufus Mark in association with the aforementioned goods and services. Rufus Labs has extensively used, advertised, promoted, offered, and rendered such goods and services under the Rufus Mark to the public through various channels of trade in commerce.

16. By virtue of Rufus Labs' long standing use, considerable advertising expenditures and activities, and substantial sales, Rufus Labs has built extensive goodwill in its Rufus Marks and has achieved a high degree of consumer recognition in the United States.

17. Rufus Labs has continuously used the Rufus Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods and services. Accordingly, Rufus Labs has used the Rufus Mark as a source identifier on its goods and services as mentioned above.

18. Rufus Labs is headquartered in California, and provides global support from its US team to customers in the US and globally. Rufus Labs has been and remains an industry standard for productivity solutions.

**B.     Defendants' Infringing Conduct**

19. Upon information and belief, Amazon is one of the largest internet retailers in the United States, if not the world. Amazon sells products from other sellers all around the world through www.amazon.com. It has over 310 million active users globally and 230 million of those customers are from the United States. Amazon has its own warehouses where it fulfills, receives, and processes its customers' orders.

20. On or about February 1, 2024, Amazon applied to register the marks RUFUS (Ser. No. 98,387,013) and AMAZON RUFUS (Ser. No. 98,387,015) in Classes 009, 035, and 042 on an intent-to-use basis for a slew of goods and services, including but not limited to, computer software, including in the nature of artificial intelligence (AI), and software as a service (SAAS) services.

21. On or about February 1, 2024, Amazon announced its "Rufus" AI shopping assistant ("Accused Service"). The Accused Service contains mark(s) identical, substantially indistinguishable, or confusingly similar to the Rufus Marks. The Accused Service is a feature on the Amazon online platform whereby shoppers can ask Rufus questions regarding products and receive assistance with their Amazon shopping experience. The Accused Service was launched and available to a small subset of customers in Amazon's mobile app and in beta at that time.

22. In approximately February 2025, Amazon officially launched the Accused Service. The Accused Service is and can be used by anyone in the United States, including those within this District, who uses Amazon or has an Amazon account.

23. Upon information and belief, Defendants advertise, market, and directly target consumers with the Accused Service, including those within this judicial district.

24. Defendants' use of the Rufus Mark on the Accused Service is without Rufus Labs' permission. Defendants have never been authorized or licensed by Plaintiff to use the Rufus Mark or any other confusingly similar mark.

25. Defendants' use of the Rufus Mark is likely to cause confusion amongst consumers, and actually has caused confusion amongst consumers, including Plaintiff's customers who have mistakenly associated the Accused Service with Plaintiff due to identical wordmark used by Amazon and in connection with similar industries.

26. Given that Amazon is one of the largest, if not the largest, online retail platforms in the world, its enormous market presence and vast promotional capabilities threaten to overwhelm Plaintiff's established Rufus Mark through Amazon's use of the Rufus Mark in connection with the Accused Service.

27. As Amazon widely distributes and promotes the Accused Service, consumers familiar only with Amazon's RUFUS Mark will likely encounter Plaintiff's Rufus Marks and mistakenly believe that Plaintiff is affiliated with, sponsored by, or somehow connected to Amazon. This threatens to significantly damage Plaintiff's brand identity and control over its Rufus Marks, as Amazon's overwhelming market power and advertising resources effectively drown out Plaintiff's established presence in the marketplace.

28. Plaintiff is informed, believes, and alleges that at all times herein relevant, Amazon was aware of Plaintiff's rights to the Rufus Mark and longstanding use thereof.

29. Plaintiff is informed, believes, and alleges thereon that Defendants have engaged in the infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading off the goodwill and reputation of Plaintiff.

30. If Defendants' willful infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be damaged.

## FIRST CAUSE OF ACTION

**(Trademark Infringement for an Unregistered Mark – 15 U.S.C. § 1125(a))**

31. Rufus Labs incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

32. Rufus Labs has been using the Rufus Mark since March 2014 on similar goods, services, and industries as Defendants and therefore has priority over Defendants' use of RUFUS, which was not used until approximately February 2024 in connection with the Accused Service.

33. Defendants' unauthorized use of the Rufus Mark in connection with its goods and services, including the Accused Service, in interstate commerce and advertising relating to the same, constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Rufus Labs when they are not.

34. Defendants' use of the Rufus Mark is without Rufus Labs' permission or authority and in total disregard of Rufus Labs' rights to control its trademarks.

35. Defendants' activities are likely to lead to and result in confusion, mistake, or deception, and are likely to cause the public to believe that Rufus Labs has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Rufus Labs.

36. Defendants' activities are also likely to cause reverse confusion, leading consumers to believe that Amazon is the senior user, and that Plaintiff is improperly using, copying and/or infringing on Defendants' intellectual property.

37. Upon information and belief, Defendants' acts are deliberate and/or Defendants acted with reckless disregard of Plaintiff's rights.

38. Plaintiff has no adequate remedy at law.

39. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Rufus Mark, or any trademarks identical and/or confusingly similar to the Rufus Mark, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## SECOND CAUSE OF ACTION

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.)**

40. Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

41. Plaintiff is the owner of the Rufus Mark under the common law of California. The Rufus Mark is strong and distinctive, has been in use for at least 12 years, and has achieved widespread public recognition.

42. Through prominent, long, and continuous use in commerce, the Rufus Mark has become and continues to be distinctive in the State of California.

43. Defendants' misappropriation of the Rufus Mark was intended to capitalize on Rufus Labs' goodwill for Defendant's own pecuniary gain.

44. Defendants' unauthorized use of the Rufus Mark dilutes the distinctive quality of the Rufus Mark and decreases the capacity of such mark to identify and distinguish Rufus Labs' products and services, and has caused a likelihood of harm to Rufus Labs' business reputation.

45. By the acts described above, Defendants have caused and will continue to cause irreparable injury to Rufus Labs' goodwill and business reputation, and Defendants are unjustly enriched by benefitting from intellectual property rights that rightfully and exclusively belong to Plaintiff.

46. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

47. Defendants are liable to Rufus Labs for all damages, whether direct or indirect, for the misappropriation of Rufus Labs' trademarks, reputation and goodwill, in an amount to be proven at trial.

48. Upon information and belief, Defendants will continue their infringing acts unless restrained by this Court.

49. Defendants' acts have damaged and will continue to damage Rufus Labs, and Rufus Labs has no adequate remedy at law.

50. In light of the foregoing, Rufus Labs is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief, restitution, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**(Common Law Trademark Infringement and Unfair Competition)**

51. Rufus Labs incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

52. Rufus Labs owns and enjoys common law trademark rights to the Rufus Mark in California and throughout the United States.

53. Defendants' misappropriation of Rufus Labs' common law trademark was intended to capitalize on Rufus Labs' goodwill for Defendants' own pecuniary gain. Rufus Labs has expended substantial time, resources, and effort to obtain an excellent reputation for itself and its Rufus Mark. As a result of Rufus Labs' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Rufus Labs.

54. Defendants' unauthorized use of the Rufus Mark has caused and is likely to cause confusion and reverse confusion as to the source of Defendants' products due to the marks appearing identical, substantially indistinguishable, or confusingly similar to the Rufus Mark, all to the detriment of Rufus Labs.

55. Defendants' conduct is willful, deliberate, and/or with reckless disregard.

56. Defendants' acts constitute unfair competition under California common law.

57. Rufus Labs has no adequate remedy at law to compensate it fully for the damages that have been caused, and which will continue to be caused by Defendants' infringing conduct unless it is enjoined by this Court.

58. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Rufus Labs intentionally and/or in reckless disregard of Rufus Labs' rights. Said conduct was despicable and harmful to Rufus Labs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

59. In light of the foregoing, Rufus Labs is entitled to injunctive relief prohibiting Defendants from using the Rufus Marks to recover all damages that Rufus Labs has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CAUSE OF ACTION

**(Cancellation of RUFUS – Ser. No. 98,387,013)**

60. Rufus Labs incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

61. Defendant Amazon Technologies, Inc. is the listed owner of the USPTO Application for the wordmark RUFUS, Ser. No. 98,387,013. The Application was filed February 1, 2024 and covers services similar to and/or closely related to the services offered and sold by Plaintiff under its Rufus Mark.

62. By virtue of Plaintiff's prior and continuous use of the Rufus Mark in interstate commerce, Plaintiff has acquired common law trademark rights in the Rufus Mark that are superior to any rights claimed by Defendants. Plaintiff's first use of the

Rufus Mark in commerce predates the Defendant's use of RUFUS and predates the filing date of Defendant's Application for RUFUS as described herein.

63. Defendants' application for the registration of the RUFUS mark, Ser. No. 98,387,013, is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or affiliation of the parties' respective goods and/or services.

64. Pursuant to Section 2(d) of the Lanham Act, 15 U.S.C. § 1052, and Section 2(a) of the Lanham Act, Defendant's trademark application should be canceled under 15 U.S.C. § 1119.

## FIFTH CAUSE OF ACTION

**(Cancellation of AMAZON RUFUS – Ser. No. 98,387,015)**

65. Rufus Labs incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

66. Defendant Amazon Technologies, Inc. is the listed owner of the USPTO Application for the wordmark AMAZON RUFUS, Ser. No. 98,387,015. The Application was filed February 1, 2024 and covers services similar to and/or closely related to the services offered and sold by Plaintiff under its Rufus Mark.

67. By virtue of Plaintiff's prior and continuous use of the Rufus Mark in interstate commerce, Plaintiff has acquired common law trademark rights in the Rufus Mark that are superior to any rights claimed by Defendants. Plaintiff's first use of the Rufus Mark in commerce predates the Defendant's use of RUFUS within AMAZON RUFUS and predates the filing date of Defendant's Application for AMAZON RUFUS as described herein.

68. Defendants' application for the registration of the AMAZON RUFUS mark, Ser. No. 98,387,015, is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or affiliation of the parties' respective goods and/or services.

69. Pursuant to Section 2(d) of the Lanham Act, 15 U.S.C. § 1052, and Section 2(a) of the Lanham Act, Defendant's trademark application should be canceled under 15 U.S.C. § 1119

## PRAYER FOR RELIEF

**WHEREFORE**, Rufus Labs respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1. Entry of an ORDER granting temporary, preliminary, and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

   a. advertising, marketing, promoting, supplying, distributing, and/or otherwise providing services using Accused Service and/or any other products or services that bear the Rufus Mark, or any other marks identical, substantially indistinguishable, or confusingly similar thereto;

   b. engaging in any other activity constituting unfair competition with Rufus Labs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Rufus Labs;

   c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Rufus Labs;

2. Entry of an ORDER directing Defendants to file with this Court and serve on Rufus Labs within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

3. Entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts pursuant to 15 U.S.C. § 1117(a);

4. An award of all profits that Defendants have derived from using the Rufus Marks, trebled, as well as costs and attorneys' fees;

5. An award of Plaintiff's actual damages;

6. An award of enhanced damages due to Defendants' willful infringement;

7. An award of applicable interest amounts, costs, disbursements, and/or attorneys' fees, as an exceptional case under 15 U.S.C. § 1117(a) or otherwise;

8. An award of fees and punitive damages to the full extent available in connection with Rufus Labs' claims under California law;

9. That the United States Patent and Trademark Office is directed to cancel U.S. Trademark Application No. 98,387,013;

10. That the United States Patent and Trademark Office is directed to cancel U.S. Trademark Application No. 98,387,015; and

11. Any such other relief that may be just and proper.

Dated:     March 5, 2026          BLAKELY LAW GROUP

                                  By:   */s/ Brent H. Blakely*
                                        Brent H. Blakely
                                        Tara A. Currie
                                        Victoria E. Mulvey

                                  HARDER STONEROCK LLP

                                  By:   */s/ Charles J. Harder*
                                        Charles J. Harder
                                        Ryan J. Stonerock

                                  *Attorneys for Plaintiff*
                                  *Rufus Labs, Inc.*

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Rufus Labs Inc. hereby demands a trial by jury as to all claims in this litigation.

Dated: March 5, 2026

BLAKELY LAW GROUP

By:  */s/ Brent H. Blakely*
Brent H. Blakely
Tara A. Currie
Victoria E. Mulvey

HARDER STONEROCK LLP

By:  */s/ Charles J. Harder*
Charles J. Harder
Ryan J. Stonerock

***Attorneys for Plaintiff Rufus Labs, Inc.***