KILPATRICK TOWNSEND & STOCKTON LLP
Kollin J. Zimmermann (SBN 273092)
kzimmermann@ktslaw.com
Ricardo J. Lobo (SBN 359481)
rlobo@ktslaw.com
Gabriella F. Franco (SBN 365106)
gfranco@ktslaw.com
1801 Century Park East Suite 2300
Los Angeles, California 90067
Telephone: (310) 777-3755
Facsimile: (310) 362-8756

Bethany R. Nelson (*pro hac vice forthcoming*)
brnelson@ktslaw.com
1100 Peachtree Street NE Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6131
Facsimile: (404) 795-8970

*Attorneys for Defendants
Amazon Technologies, Inc. and
Amazon.com, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFUS LABS, INC., a Delaware Corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON TECHNOLOGIES, INC., a Nevada Corporation; AMAZON.COM, INC., a Delaware Corporation; and DOES 1-10 inclusive,<br><br>　　　　　　Defendants. | CASE NO.: 2:26-cv-02358-ODW-SSCx<br><br>**DEFENDANTS AMAZON TECHNOLOGIES, INC. AND AMAZON.COM, INC.'S ANSWER TO COMPLAINT**<br><br>JURY TRIAL DEMANDED |

**ANSWER TO COMPLAINT**

Defendants Amazon Technologies, Inc. and Amazon.com, Inc. (collectively, "Amazon") submit their Answer and Affirmative Defenses to the Complaint filed by Plaintiff Rufus Labs, Inc. ("Plaintiff"). Except as otherwise expressly admitted, Amazon denies each and every allegation contained in the Complaint. Responding to the individually enumerated paragraphs of the Complaint, Amazon responds as follows:

## JURISDICTION AND VENUE

1. Amazon admits that Plaintiff filed this Complaint alleging trademark infringement and false designation of origin under 15 U.S.C. § 1051 et seq. (the "Lanham Act") and related claims under the statutory and common law of the State of California. Except as expressly admitted, Amazon denies the allegations in Paragraph 1.

2. Amazon admits that this Court has subject matter jurisdiction over this action, as alleged in Paragraph 2.

3. Amazon admits that the Court has personal jurisdiction over Amazon, as alleged in Paragraph 3. Except as expressly admitted, Amazon denies the remaining allegations, including that Amazon infringed Plaintiff's purported rights or caused any injuries to Plaintiff.

4. Amazon admits that venue is proper in this District, as alleged in Paragraph 4. Except as expressly admitted, Amazon denies the remaining allegations, including that Amazon infringed Plaintiff's purported rights or caused any injuries to Plaintiff.

## THE PARTIES

5. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, denies the allegations.

6. Amazon admits that Amazon Technologies, Inc. is a Nevada corporation that is registered to do business in the State of California and maintains

1

**ANSWER TO COMPLAINT**

a principal place of business at 410 Terry Ave. N., Seattle, Washington 98109. Amazon denies any remaining allegations in Paragraph 6.

7.    Amazon admits that Amazon.com, Inc. is a Delaware corporation that maintains a principal place of business at 410 Terry Ave. N., Seattle, Washington 98109. Amazon denies any remaining allegations in Paragraph 7.

8.    Amazon admits the allegations in Paragraph 8 that Plaintiff refers to Amazon Technologies, Inc. and Amazon.com, Inc. collectively as "Amazon."

9.    Amazon denies that it is liable for any of the claims in this Complaint, and, therefore, denies that any agent or servant of Amazon infringed any of Plaintiff's rights or caused Plaintiff any harm. Amazon further denies that Plaintiff may amend its Complaint, except as is permitted by the Federal Rules of Civil Procedure. Amazon denies any remaining allegations in Paragraph 9.

10.    Amazon denies the allegations in Paragraph 10.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.    The Rufus Labs Products and Rufus Marks**

11.    Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the allegations.

12.    Amazon denies that Plaintiff has used the mark RUFUS (the "WorkHero RUFUS Mark") in connection with artificial intelligence since 2014. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and therefore denies the allegations.

13.    Amazon denies that Plaintiff acquired relevant prior common law rights in the WorkHero RUFUS Mark, including in connection with artificial intelligence. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and therefore denies the allegations.

**ANSWER TO COMPLAINT**

14.    Amazon denies that Plaintiff acquired relevant prior common law rights in the WorkHero RUFUS Mark, including in connection with artificial intelligence. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and therefore denies the allegations.

15.    Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies the allegations.

16.    Amazon denies the allegations in Paragraph 16.

17.    Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies the allegations.

18.    Amazon lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies the allegations.

**B.    Defendants' Allegedly Infringing Conduct**

19.    Amazon admits that, through its subsidiaries, it owns and operates warehouses and one of the largest retail stores in the United States and the world. Amazon further admits that Amazon's subsidiary-operated retail stores have hundreds of millions of active users. Amazon denies the allegations in Paragraph 19 to the extent they insinuate Amazon has harmed Plaintiff or otherwise is liable for any of the claims contained in the Complaint.  Amazon denies any remaining allegations in Paragraph 19.

20.    Amazon states the trademark applications for Amazon's RUFUS and AMAZON RUFUS marks (collectively, the "Amazon RUFUS Marks") speak for themselves. Amazon denies the allegations in Paragraph 20 to the extent they contradict the applications.

**ANSWER TO COMPLAINT**

21.     Amazon admits that it announced its artificial intelligence shopping assistant (the "Amazon Rufus AI Shopping Assistant") on February 1, 2024, and that Plaintiff refers to this as the Accused Service. Amazon further admits that its Amazon Rufus AI Shopping Assistant is a tool available in Amazon's online store and mobile application that is designed to assist customers by answering questions, making recommendations, and facilitating product discovery. Amazon admits that its Amazon Rufus AI Shopping Assistant was first available to a subset of customers in Amazon's mobile application before becoming available to all U.S. customers. Amazon denies the remaining allegations in Paragraph 21, including that there is any likelihood of confusion between the marks.

22.     Amazon admits that the Amazon Rufus AI Shopping Assistant can be used by anyone in the United States who uses Amazon. Amazon denies that it officially launched its Amazon Rufus AI Shopping Assistant in February 2025. Amazon further denies the allegations in Paragraph 22 to the extent they insinuate that Amazon has infringed any of Plaintiff's purported rights or caused Plaintiff harm.

23.     Amazon lacks sufficient knowledge or information to form a belief as to what Plaintiff means by "directly target consumers with the Accused Service" because this phrase is vague and ambiguous and, therefore, denies the allegations contained in Paragraph 23.

24.     Amazon admits the allegations in Paragraph 24 that it did not obtain permission, authorization, or a license from Plaintiff ahead of launching the Rufus AI Shopping Assistant, but Amazon denies that any permission, authorization, or license was or is required, as (1) the Amazon RUFUS Marks are not likely to cause confusion with Plaintiff's WorkHero RUFUS Mark; and (2) Plaintiff lacks relevant prior rights.

25.     Amazon denies the allegations in Paragraph 25.

26.     Amazon denies the allegations in Paragraph 26.

4

**ANSWER TO COMPLAINT**

27. Amazon denies the allegations in Paragraph 27.

28. Amazon denies that it was aware Plaintiff owned any prior rights in a mark with which the Amazon RUFUS Marks were likely to cause confusion. Amazon denies the remaining allegations in Paragraph 28.

29. Amazon denies the allegations in Paragraph 29.

30. Amazon denies the allegations in Paragraph 30.

## FIRST CAUSE OF ACTION

**(Trademark Infringement for an Unregistered Mark – 15 U.S.C. § 1125(a))**

31. In response to Paragraph 31, Amazon incorporates by reference its responses to each of the allegations contained in the preceding paragraphs as if fully stated herein.

32. Amazon denies that Plaintiff acquired relevant prior common law rights in the WorkHero RUFUS Mark, including in connection with artificial intelligence, or that there is any likelihood of confusion between the WorkHero RUFUS Mark and Amazon RUFUS Marks. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore denies the allegations.

33. Amazon denies the allegations in Paragraph 33.

34. Amazon admits the allegations in Paragraph 34 that it did not obtain permission or authority from Plaintiff ahead of launching the Rufus AI Shopping Assistant, but Amazon denies that any permission or authority was or is required, as (1) the Amazon RUFUS Marks are not likely to cause confusion with Plaintiff's WorkHero RUFUS Mark; and (2) Plaintiff lacks relevant prior rights.

35. Amazon denies the allegations in Paragraph 35.

36. Amazon denies the allegations in Paragraph 36.

37. Amazon denies the allegations in Paragraph 37.

38. Amazon denies the allegations in Paragraph 38.

39. Amazon denies the allegations in Paragraph 39.

ANSWER TO COMPLAINT

<u>**SECOND CAUSE OF ACTION**</u>

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.)**

40.     In response to Paragraph 40, Amazon incorporates by reference its responses to each of the allegations contained in the preceding paragraphs as if fully stated herein.

41.     Amazon lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff owns any common law rights under California law and therefore denies these allegations. Amazon denies the remaining allegations in Paragraph 41.

42.     Amazon denies the allegations in Paragraph 42.

43.     Amazon denies the allegations in Paragraph 43.

44.     Amazon denies the allegations in Paragraph 44.

45.     Amazon denies the allegations in Paragraph 45.

46.     Amazon denies the allegations in Paragraph 46.

47.     Amazon denies the allegations in Paragraph 47.

48.     Amazon denies the allegations in Paragraph 48.

49.     Amazon denies the allegations in Paragraph 49.

50.     Amazon denies the allegations in Paragraph 50.

<u>**THIRD CAUSE OF ACTION**</u>

**(Common Law Trademark Infringement and Unfair Competition)**

51.     In response to Paragraph 51, Amazon incorporates by reference its responses to each of the allegations contained in the preceding paragraphs as if fully stated herein.

52.     Amazon denies that Plaintiff acquired relevant prior common law rights in the WorkHero RUFUS Mark, including in connection with artificial intelligence. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 52 and therefore denies the allegations.

**ANSWER TO COMPLAINT**

53. Amazon denies the allegations that Amazon intentionally misappropriated Plaintiff's purported rights and has been unjustly enriched. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and therefore denies the allegations.

54. Amazon denies the allegations in Paragraph 54.

55. Amazon denies the allegations in Paragraph 55.

56. Amazon denies the allegations in Paragraph 56.

57. Amazon denies the allegations in Paragraph 57.

58. Amazon denies the allegations in Paragraph 58.

59. Amazon denies the allegations in Paragraph 59.

## FOURTH CAUSE OF ACTION

### (Cancellation of RUFUS – Ser. No. 98,387,013)

60. In response to Paragraph 60, Amazon incorporates by reference its responses to each of the allegations contained in the preceding paragraphs as if fully stated herein

61. Amazon states the RUFUS trademark application (Ser. No. 98,387,013) speaks for itself. Amazon denies the allegations in Paragraph 61 to the extent they contradict the referenced application. Amazon further denies the remaining allegations in Paragraph 61 that the parties offer similar or closely related services.

62. Amazon denies that Plaintiff acquired relevant prior common law rights in the WorkHero RUFUS Mark, including in connection with artificial intelligence. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 62 and therefore denies the allegations.

63. Amazon denies the allegations in Paragraph 63.

64. Amazon denies the allegations in Paragraph 64.

7

**ANSWER TO COMPLAINT**

## FIFTH CAUSE OF ACTION

### (Cancellation of AMAZON RUFUS – Ser. No. 98,387,015)

65.    In response to Paragraph 65, Amazon incorporates by reference its responses to each of the allegations contained in the preceding paragraphs as if fully stated herein.

66.    Amazon states the AMAZON RUFUS trademark application (Ser. No. 98,387,015) speaks for itself. Amazon denies the allegations in Paragraph 66 to the extent they contradict the referenced application. Amazon further denies the remaining allegations in Paragraph 66 that the parties offer similar or closely related services.

67.    Amazon denies that Plaintiff acquired relevant prior common law rights in the WorkHero RUFUS Mark, including in connection with artificial intelligence. Amazon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 67 and therefore denies the allegations.

68.    Amazon denies the allegations in Paragraph 68.

69.    Amazon denies the allegations in Paragraph 69.

## PRAYER FOR RELIEF

**WHEREFORE**, Amazon denies that Plaintiff is entitled to any of the relief sought in its Complaint or Prayer for Relief.

## AFFIRMATIVE DEFENSES

Amazon asserts the following affirmative defenses and reserves the right to assert additional defenses as appropriate, including without limitation based on information disclosed during discovery or that otherwise comes to light. In asserting the following defenses, Amazon does not assume the burden of proof for any issue for which Plaintiff has the burden of proof.

8

**ANSWER TO COMPLAINT**

## FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred in whole or in part based on the doctrine of unclean hands. On information and belief, with knowledge of the Amazon RUFUS Marks, Plaintiff intentionally started offering AI-related services under the WorkHero RUFUS Mark. Plaintiff's Rufus AI service launched on or around August 5, 2024, approximately six months after Amazon announced its Amazon Rufus AI Shopping Assistant and began offering it to U.S. consumers. Further, Plaintiff's Rufus AI homepage went live on or about August 7, 2024, at which time Plaintiff described the service as "THE ALL NEW Rufus Generative AI Agent." Rather than attempting to mitigate any likelihood of confusion (of which there is none), Plaintiff took affirmative steps to offer AI services under the WorkHero RUFUS Mark in an attempt to manufacture a legal claim against Amazon.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's damages, if any, must be reduced as a result of its failure to mitigate damages. Plaintiff unreasonably delayed in contacting Amazon regarding its alleged infringement of Plaintiff's WorkHero RUFUS Mark. In addition, on information and belief, instead of attempting to mitigate any alleged harm (of which there is none), Plaintiff took affirmative steps to draw parallels between its services and Amazon's by starting to offer AI services under the WorkHero RUFUS Mark following Amazon's launch of its Amazon Rufus AI Shopping Assistant.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules for Civil Procedure, Amazon requests a trial by jury for all issues so triable.

9

**ANSWER TO COMPLAINT**

Dated:   May 1, 2026

KILPATRICK TOWNSEND STOCKTON LLP

By:    */s/ Kollin J. Zimmermann*
       Kollin J. Zimmermann
       Bethany R. Nelson
       Ricardo J. Lobo
       Gabriella F. Franco

*Attorneys for Defendants*
*Amazon Technologies, Inc.*
*Amazon.com, Inc.*

10

**ANSWER TO COMPLAINT**